UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YASEMIN GUMUS, as the Natural Mother
and Legal Guardian of B.G., an Infant

                      Plaintiff,                         **COMPLAINT &**
                                                                                 **JURY TRIAL DEMAND**
      -against-

TURK HAVA YOLLARI ANONIM ORTAKLIGI,            Index No.:
d/b/a TURKISH AIRLINES and
TURKISH AIRLINES, INC.,

                      Defendant.
------------------------------------------------------------x

       The Plaintiff, YASEMIN GUMUS, as the Natural Mother and Legal Guardian of B.G., an Infant, by her attorneys BOHRER & LUKEMAN, as and for her complaint against defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., alleges the following upon information and belief:

       1.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

       2.       Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that Defendant has offices and transacts business within this judicial district, namely John F. Kennedy International Airport, Jamaica, New York (JFK).

       3.       Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that a substantial part of the events or omissions giving rise to the claim occurred within the judicial district.

       4.       Plaintiff resides in Fair Haven, New Jersey.

5. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines is a foreign corporation authorized to do business in the State of New York.

6. Defendant TURKISH AIRLINES, INC., is a domestic corporation incorporated under the laws of the State of New York on June 23, 1988. *See* Defendant's Articles of Incorporation, annexed hereto as **Exhibit A**.

7. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines was and is a common carrier engaged in the business of transporting passengers for hire by air.

8. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, Defendant TURKISH AIRLINES, INC. was and is a common carrier engaged in the business of transporting passengers for hire by air.

9. As part of its business as a common carrier of passengers by air, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines operates regularly scheduled flights to and from John F. Kennedy International Airport (JFK) in the City and State of New York.

10. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, as part of its business as a common carrier of passengers by air, Defendant TURKISH AIRLINES, INC. operates regularly scheduled flights to and from John F. Kennedy International Airport (JFK) in the City and State of New York.

11. One such flight took place on or about July 21-22, 2018, wherein Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines operated and controlled a certain aircraft, designated as Turkish Airlines Flight TK04 from John F. Kennedy International Airport (JFK) to Istanbul Airport, Istanbul, Turkey (IST) ("the subject flight").

12. Pleaded in the alternative and without prejudice to anything pleaded in the contrary

herein, one such flight took place on or about July 21-22, 2018, wherein Defendant TURKISH AIRLINES, INC. operated and controlled the subject flight.

13. On or about July 21-22, 2018, Plaintiff YASEMIN GUMUS and her infant B.G. were fare-paying passengers lawfully travelling onboard the subject flight.

14. The Plaintiff's travel pursuant to the contract of carriage which forms the basis for this cause of action originated and concluded in the State of New York.

15. On or about July 21-22, 2018, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines employed a flight crew aboard the subject flight whom were responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

16. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about July 21-22, 2018, Defendant TURKISH AIRLINES, INC. employed a flight crew aboard the subject flight whom were responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

17. On or about July 21-22, 2018, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines.

18. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about July 21-22, 2018, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant TURKISH AIRLINES, INC.

19. On or about July 21-22, 2018, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft.

20. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about July 21-22, 2018, Defendant TURKISH AIRLINES, INC. was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft.

21. On or about July 21-22, 2018, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a Turkish Airlines was responsible for the training, management, supervision, and/or control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

22. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about July 21-22, 2018, Defendant TURKISH AIRLINES, INC. was responsible for the training, management, supervision, and/or control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

23. On or about July 21-22, 2018, while seated aboard the subject aircraft, Plaintiff's infant, B.G., was injured as the result of an accident.

24. Specifically, during the course of the subject flight Plaintiff's infant, B.G., was severely burned as the result of contact with scalding hot liquid.

25. The injuries of Plaintiff's infant, B.G., were caused by an accident pursuant to Article 17 of the Montreal Convention, defined as an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's infant's own internal reaction to the normal operation of the aircraft.

26. As a result of said accident, Plaintiff's infant, B.G., was injured.

27. As a result of said accident, Plaintiff's infant, B.G., was seriously injured.

28. As a result of said accident, Plaintiff's infant, B.G., was permanently injured.

29. As a result of said accident, Plaintiff's infant, B.G., suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

30. As a result of said accident, Plaintiff YASEMIN GUMUS suffered economic loss and in the future shall continue to suffer from same.

31. As a result of said accident, Plaintiff YASEMIN GUMUS was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

32. As a result of said accident, Plaintiff's infant, B.G., was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

33. As a result of the foregoing, Defendants are liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

34. Defendants cannot meet their burden of proving that their negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

35. Defendants cannot meet their burden of proving that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

36. Plaintiff's infant, B.G., did not cause or contribute to his injuries and is free from any comparative fault.

**WHEREFORE**, Plaintiff YASEMIN GUMUS, as the Natural Mother and Legal Guardian of B.G., an Infant, demands judgment against Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

```
```

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: February 27, 2020

                                              BOHRER & LUKEMAN

_____
Abram I. Bohrer, Esq. (AB4336)
David A. Zeitzoff, Esq. (DZ9036)
*Attorneys for Plaintiff*
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel. (212) 406-4232

# EXHIBIT A

BOHRER AND LUKEMAN
5 COLOMBUS CIRCLE
SUITE 1501
NEW YORK NY 10019

CUST REF: MAIL

Enclosed is the information you requested. Your payment of $35.00 is hereby acknowledged.

If the name on the enclosed document(s) does not match exactly with the name of the entity you requested, this office does not have a record of the exact name you requested. The document(s) provided appear(s) to be of sufficient similarity to be the entity requested.

201909260055    38

# STATE OF NEW YORK

# DEPARTMENT OF STATE

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on September 26, 2019.

Brendan C. Hughes
Executive Deputy Secretary of State

Rev. 06/19



# The University of the State of New York

STATE OF NEW YORK:
COUNTY OF ALBANY:

Pursuant to the provisions of section 216 of the Education Law and section 104 of the Business Corporation Law, consent is hereby given to the filing of the annexed certificate of incorporation of **TURKISH AIRLINES, INC.** as a business corporation.

This consent to filing, however, shall not be construed as approval by the Board of Regents, the Commissioner of Education or the State Education Department of the purposes or objects of such corporation, nor shall it be construed as giving the officers or agents of such corporation the right to use the name of the Board of Regents, the Commissioner of Education, the University of the State of New York or the State Education Department in its publications or advertising matter.

This consent to filing is granted with the understandings and upon the conditions set forth on the reverse side of this form.



IN WITNESS WHEREOF this instrument is executed and the seal of the State Education Department is affixed this 23rd day of June, 1988.

Thomas Sobol
Commissioner of Education

By: *James H. Whitney*

James H. Whitney
Deputy Counsel

This consent to filing is granted with the understanding that nothing contained in the annexed certificate of incorporation shall be construed as authorizing the corporation to engage in the practice of law, except as provided by subdivision 7 of section 495 of the Judiciary Law, or of any of the professions designated in Title VIII of the Education Law, or to use any title restricted by such law, or to conduct a school for any such profession, or to hold itself out to the public as offering professional services.

This consent to filing is granted with the further understanding that nothing contained in the annexed certificate of incorporation shall be construed as authorizing the corporation to operate a nursery school, kindergarten, elementary school, secondary school, institution of higher education, cable television facility, educational television station pursuant to section 236 of the Education Law, library, museum, or historical society, or to maintain an historic site.

This consent to filing shall not be deemed to be or to take the place of registration for the operation of a private business school in accordance with the provisions of section 5002 of the Education Law, nor shall it be deemed to be, or to take the place of, a license granted by the Board of Regents pursuant to the provisions of section 5001 of the Education Law, a license granted by the Commissioner of Motor Vehicles pursuant to the provisions of section 394 of the Vehicle and Traffic Law, a license as an employment agency granted pursuant to section 172 of the General Business Law, or any other license, certificate, registration, or approval required by law.



# CERTIFICATE OF INCORPORATION

## OF

## TURKISH AIRLINES, INC.

Under Section 402 of the Business Corporation Law

The undersigned, for the purpose of forming a corporation pursuant to Section 402 of the Business Corporation Law of the State of New York, does hereby certify as follows:

**First:** The name of the Corporation is Turkish Airlines, Inc.

**Second:** The purposes for which the Corporation is formed are:

a) To engage in any general mercantile business within or without the State of New York and, more particularly, without limiting the generality of either the foregoing or the following, on its own behalf and on behalf of others, and as principal or agent, to carry on the businesses and activities hereinafter set forth and any other businesses or activities necessary, convenient, related or incidental thereto.

b) To establish, purchase, lease, acquire, own, maintain, improve, manage, and operate airlines and air transport services for the transportation of persons and property by aircraft and all other means connected therewith.

c) To manufacture, construct, assemble, lease, acquire, own, maintain, repair, improve, use, operate, deal

in, sell, transfer, mortgage, pledge and dispose of airplanes, helicopters and other aircraft, motors, materials, tools, parts, machinery and equipment.

d) To apply for, purchase, acquire, undertake, own, hold, use, enjoy, exploit, sell, transfer, mortgage, pledge, and dispose of permits, franchises, certificates of public convenience and necessity, rights, privileges, benefits, prerogatives and powers granted by any government or governmental authority or agency.

e) To establish, acquire, own, maintain and conduct courses of instruction for the training of personnel necessary, useful or desirable to the business of the corporation.

f) To establish, construct, purchase, lease, acquire, own, hold, maintain, improve, use, manage and operate airports, terminals, rights of way, offices, shops, hangars and other buildings, structures and works, and to manufacture, purchase, lease, acquire, own, hold, maintain and use any landing devices, beacons, vehicles, articles, materials, machinery and equipment.

g) The powers, rights and privileges set forth in this Certificate are not to be deemed to be in limitation of similar, other or additional powers, rights and privileges granted or permitted to a corporation by the Business Corporation Law, it being intended that this Corporation

shall have all the rights, powers and privileges granted or permitted to a corporation thereunder.

Third: The office of the Corporation is to be located in the County of New York and State of New York.

Fourth: The aggregate number of shares which the Corporation shall have authority to issue is Two Hundred (200) shares of voting common stock, all of one class and without par value.

Fifth: The Secretary of State of the State of New York is designated as the agent of the Corporation upon whom process against it may be served. The post office address to which the Secretary of State shall mail a copy of any process against the Corporation served upon her is:

    Cameron, Hornbostel & Butterman
    230 Park Avenue - Suite 2215
    New York, New York 10169
    Attention: Andrew L. Odell, Esq.

Sixth: The subscriber is of the age of eighteen or over.

IN WITNESS WHEREOF, this certificate has been subscribed to this 15th day of June, 1988 by the undersigned who affirms that the statements made herein are true under penalties of perjury.

               Miriam O. Hyman
               (Incorporator)
               230 Park Avenue
               New York, New York 10169

NYS DEPARTMENT OF STATE

FILING RECEIPT    NAME RESERVATION (BUSINESS)

CORPORATION NAME

TURKISH AIRLINES, INC. (RES FOR 60 DAYS)

| DATE FILED | DURATION & COUNTY CODE | FILM NUMBER | CASH NUMBER |
|---|---|---|---|
| 06/07/88 | | B648871-1 | 187985 |

| NUMBER AND KIND OF SHARES | LOCATION OF PRINCIPAL OFFICE |
|---|---|
| | |

FOR ANDREW ODELL (SUBMIT CTF FOR FILING)
*IWG

| ADDRESS FOR PROCESS | REGISTERED AGENT |
|---|---|
| | |

FEES AND/OR TAX PAID AS FOLLOWS:

AMOUNT OF CHECK $ _____   AMOUNT OF MONEY ORDER $ 00030.00   AMOUNT OF CASH $ _____

$ _____ DOLLAR FEE TO COUNTY

$          FILING
$    TAX
$ 00.00 CERTIFIED COPY
$ 20.00 CERTIFICATE
010.00 MISCELLANEOUS
TOTAL PAYMENT $ 0000030.00

FILER NAME AND ADDRESS

CAMERON, HORNBOSTEL & BUTTERMAN
230 PARK AVENUE
NEW YORK         NY   10169

REFUND OF $
TO FOLLOW

380604-003 (8/84)     GAIL S SHAFFER - SECRETARY OF STATE

