UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| YASEMIN GUMUS, as the Natural Mother and Legal Guardian of B.G., an Infant,<br><br>　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 1:20-cv-01084-ENV-RER<br><br>**ANSWER** |

-------------------------------------------------------------------X

Turk Hava Yollari Anonim Ortakligi (sued herein as "Turk Hava Yollari Anonim Ortakligi d/b/a Turkish Airlines" and hereinafter "THY"), by and through its attorneys, Clyde & Co US LLP, as and for its Answer to plaintiff's Complaint, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and leaves all questions of law to be decided by the Court.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, except admits that THY has transacts business in the Eastern District of New York, and leaves all questions of law to be decided by the Court.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and leaves all questions of law to be decided by the Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Denies the allegations in paragraph 5 of the Complaint, except admits that THY is a corporate entity organized and existing under the laws of Turkey, and is authorized to conduct business in New York.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint, except admits that at all relevant times THY was a common carrier engaged in the business of transporting passengers for hire by air.

8. Denies the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint, except admits that THY operates regularly scheduled commercial airline flights to and from JFK International Airport in New York.

10. Denies the allegations in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint, except admits that THY operated an aircraft designated as Flight TK04 from JFK International Airport in New York to Istanbul, Turkey (the "subject flight").

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint, except admits that one Yasemin Gumus and her infant B.G. were listed as passengers on the subject flight, operated by THY.

14. Denies the allegations in paragraph 14 of the Complaint, except admits the routing of the plaintiffs' transportation.

15. Denies the allegations in paragraph 15 of the Complaint, except admits that THY employed a flight crew aboard the subject flight and that THY is subject to certain duties imposed by law.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admits that the subject flight was conducted on an aircraft operated and staffed by THY.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except admits that THY is subject to certain duties imposed by law.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except admits that THY is subject to certain duties imposed by law.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

<b>AS AND FOR A FIRST<br><u>AFFIRMATIVE DEFENSE</u></b>

36. The Complaint fails to state a claim upon which relief can be granted.

<b>AS AND FOR A SECOND<br><u>AFFIRMATIVE DEFENSE</u></b>

37. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights and liabilities of the parties are governed exclusively by the provisions the Montreal Convention.

<b>AS AND FOR A THIRD<br><u>AFFIRMATIVE DEFENSE</u></b>

38. THY is not liable for plaintiff's alleged injuries because some or all of plaintiff's alleged injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

**AS AND FOR A FOURTH**
**AFFIRMATIVE DEFENSE**

39. Pursuant to Article 21 of the Montreal Convention, THY's tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or other applicable law, THY is not liable to plaintiff for the loss or damage described in the Complaint or its liability, if any, is limited to an aggregate sum or provable damages not in excess of 113,100 Special Drawing Rights (SDRs).

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

40. Pursuant to the Montreal Convention and/or other applicable law, THY shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence or culpable conduct of plaintiff.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

41. The alleged damages complained of were not proximately caused by any culpable conduct on the part of THY.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

42. Plaintiff's state law claims against THY, if any, are completely preempted by the Montreal Convention, or by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq*. now recodified and incorporated into 49 U.S.C. §40101 *et seq*.), and 49 U.S.C. §41713.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

43. Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by THY or any person or entity for whom THY is responsible.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

44. Plaintiff failed to mitigate her damages, if any, and is therefore barred from recovering any such damages from THY.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

45. THY asserts that if it is liable to plaintiff, which liability THY expressly denies, then THY is entitled to a set-off for all settlements/benefits and/or collateral sources received by plaintiff.

WHEREFORE, THY demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with attorneys' fees, costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
      March 18, 2020

CLYDE & CO US LLP

By: _____
    Christopher Carlsen
    Nicholas Magali
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900

                          Attorneys for Defendant
                          Turk Hava Yollari Anonim Ortakligi

To:    Abram I. Bohrer, Esq.
        David A. Zeitzoff, Esq.
        Bohrer & Lukeman
        5 Columbus Circle, Suite 1501
        New York, New York 10019
        (212) 406-4232